PEOPLE *v.* ABELL.

CRIMINAL LAW—OFFER OF INCOMPETENT PROOF—PREJUDICIAL RE-
MARKS.

Upon the trial of a druggist for an unlawful sale of intox-
icating liquors, the prosecuting attorney offered to show that
the complaining witness, who claimed to have procured the
liquor, immediately thereafter related the circumstances to a
third person, whom he proposed to call for the purpose of
showing that the sale occurred at the time charged in the in-
formation. Upon objection to the statement of the proposed
testimony in the presence of the jury, the court ruled that it
was the right of counsel to state to the court what he pro-
posed to prove, but that the jury should disregard his state-
ment, and declared the testimony inadmissible for the reason
that the name of the proposed witness was not indorsed on the
information. The only testimony to support a conviction was

that of the complaining witness; that of the respondent and
of the only other person claimed to have been present being
in direct denial.    *Held*, that the remarks were, under the cir-
cumstances, prejudicial to the respondent.

Exceptions before judgment from Van Buren; Buck,
J. Submitted April 29, 1897. Decided May 25, 1897.

Charles E. Abell, a druggist, was convicted of violating
the local option law.    Reversed.

*Osborn, Mills & Master*, for appellant.

*James E. Chandler*, Prosecuting Attorney, for the
people.

LONG, C. J.    Respondent is a druggist.    He was
charged with the offense of selling two drinks of whisky,
to be used as a beverage, and on trial before a jury was
convicted.    The whisky, it was claimed, was sold to
Willard E. Symonds.    He testified on cross-examination
that he went into respondent's store for the purpose of
getting him to make the sale, so that he could make the
complaint.    In speaking of the date when the whisky was
sold, the witness stated that he was trusting entirely to
his memory.    He added:    "I know I went over to Mr.
Hopkins' office, and told him then what I was going to
do, and I know I went back directly afterwards, and told
what I had done."    The witness further stated that Mr.
Hopkins was a member of the Law and Order League.
The prosecuting attorney thereupon stated, "In view of
the cross-examination, I will call Mr. Hopkins."    He was
asked if Mr. Hopkins' name was on the information, and
admitted that it was not.    The respondent's counsel
objected to his being called, whereupon the prosecuting
attorney stated:    "I simply want to show that this wit-
ness went to him on the 3d day of February, and related
what he has told counsel, on the 3d day of February,—
what he told him."    Counsel for respondent excepted to

113 MICH.—6.

this statement in the presence of the jury. The court thereupon said:

"Counsel would have a right to state what he proposed to prove. The jury, of course, will not pay any attention to it. It is not for the jury, but is entirely for the hearing of the court. The jury should disregard any statement of the kind. I think it would be objectionable to call him in view of the fact that his name is not on the information."

This is claimed to be error prejudicial to the rights of the respondent.

In this contention we think counsel are correct. Mr. Symonds had testified that, when the liquor was sold, one Samuel W. Bowerman was with him, and drank one glass of whisky, which witness ordered. Mr. Bowerman was called by the people, and denied emphatically that any such thing took place as described by Symonds, or that he took a drink of whisky there with him. The prosecution made an offer to bolster up the testimony of Symonds by showing that Symonds went to Hopkins, and told him what he testified to in court as to the purchase of the whisky. This testimony was wholly incompetent, but a statement that it was a fact was permitted by the court to be made by the prosecuting attorney. When the attention of the court was called to it by counsel for respondent, the response by the court was that counsel had a right to state what he proposed to prove, but it would be objectionable to call the witness, because his name was not on the information. The fact was thus presented to the jury by the statement of the prosecuting attorney that Hopkins would, if called, testify as claimed. Symonds was the only witness who testified to the sale's being made, and Mr. Bowerman and respondent both contradicted him flatly that any sale was made at all. While the jury were told that the statement was made for the benefit of the court, and they should disregard it, yet it may well be imagined that such a statement coming from the court would have its effect with them, especially

when the only reason given by the court for not receiving the testimony was that Mr. Hopkins' name was not indorsed on the information.

Some other errors are claimed, but we do not regard them of sufficient importance to discuss. For the error pointed out, the verdict must be reversed, and a new trial ordered.

The other Justices concurred.